I have two issues in the brief. Point 2 deals with supervised release and the risk notification issue. I'm going to rely on my brief for that. I just want to address point 1 if I may. The unreasonable sentence under the totality of the circumstances, rejecting an agreed upon sentencing range and in doing so implied relied on an implied presumption of reasonableness in the guidelines. The government says that it is harmless error regardless of whether the court agrees with our arguments. Number one, the criminal history category doesn't change and also number two, it's only an increase of five months. I would like to address the sentencing agreement itself if I may and I recognize that the court knows that when the government puts out a proposed sentencing agreement, it does so in analyzing the 3553 factors itself. The government has the justice manual which is online and everyone realizes and it's a good thing that the government doesn't stand in the shoes as a litigant as the defendant does. Defense counsel is always trying to get as short a sentence as possible for his or her client but the government does a weighing process before they even offer a sentencing range. So in other words, under 3553A2, the government is representing through this agreement that this is a just range, this is a just sentence, sufficient but no greater than necessary, sufficient to protect the public from future criminal conduct by the defendant and all these things are presented to the court every time they make a plea offer that includes a sentencing range. I don't mean to say by this that the court did not have the discretion to reject it but I am saying that it's not just the subjective request by the defendant for a lower sentence. It includes the informed opinion by the government attorney here. So that just has to be considered when the court, when district court rejects the sentencing range like this. This court in Caveira and in other cases has recognized the importance of district court providing reasons on the record for his or her sentencing decision and it's not just to provide a vehicle for appellate review. It is also to promote the idea of fairness in sentencing. So we know the public is watching and we know that what the court says on the record is critical. So I just want to direct the court's attention to a couple of pages in the appendix. 73 and 74, the court will find district court's overruling of our objections to the probation report. And A79, appendix page 79, gives the court's rationale as well as 81 in why it did not accept this agreement as being sufficient. And I'd like to address the court's... Your two minutes are long past. Judge Nardini. Yes, Judge. Yeah, thank you. I have a couple of questions. For one thing, it seems to me that the argument that you're making is one that in general, the government would probably like, which is that you seem to be suggesting that one basis for our determining that the sentence was substantively unreasonable was that the court did not give adequate weight to the prosecution's purported view of what an appropriate sentence was. Do you really want us to announce that that is an appropriate factor in general? No, but our point is that when the court is rejecting a sentencing agreement, it's not just a wish on the part of the defendant. I'm just trying to give it more context as well. But right. I'm trying to get my mind around your argument that if it's an agreement from the parties, you're suggesting that we ought to give additional, that the court, at least one of the factors that we have to consider is whether the court rejected a recommendation from the parties. And in rejecting a recommendation from the parties, that goes into the substantive unreasonableness decision, because there would be serious consequences for that, right? That if you came with a sentencing agreement and the court were to downwardly depart or vary sua sponte, what's good for the goose is good for the gander, right? That the government would be was to say, well, nobody asked for this sentence. Do you really mean to suggest that the party's views carry independent weight as opposed to the rest of the 3553 factors? No, I, what I mean to say is that it's an abuse of discretion standard, deferential standard, but the court cannot just dispose of the agreement without having a sufficient record to do so. That's what I mean, really. So you're saying that a party's agreement carries independent weight. Do you have any authority to suggest that the district court's obligation to consider the 3553 factors includes an obligation to accord weight to the party's recommendation? No, Judge, I don't. I just, my only point is that, and even in an abuse of discretion review, the court has to at least consider what it has before it and its context. I'm not saying extra weight. That's not what I mean. Well, anyway, I guess anyway, what under 3553 suggests they have to accord any weight to the fact that there's a recommendation? Judge, it's, I think the court receives information in determining a sentence that comes from different, different areas and different sources. And if the court considers something to be reasonable, it can consider it. I think I would leave it just at that. I don't think it requires any extra weight necessarily. Well, let me go to what I thought was one of your primary arguments in the brief,  and tell me if I'm characterizing your argument properly. Well, let me just start. I take it that you can see that no matter how you slice it, Mr. Sanford's criminal history category was properly calculated as category six. Is that much correct? Yes, Your Honor. And then, so I understand your argument to have been that by spending so much time talking about whether the disorderly conduct convictions qualified for criminal history points, the district court was somehow spending too much time thinking about issues that were relatively minor in the case. And therefore we should conclude that by spending too much time talking about less relevant things, the decision reached by the court was ultimately unreasonable. Am I characterizing your argument correctly? Judge, I would characterize it more this way, that the court kind of put a gloss, a broad stroke over his criminal history. And you can see that both in the more serious offenses that are considered as well as the more minor petty offenses, including the disorderly conduct adjudication, the court does not present a proper record for what it imposes here. It increases the sentencing agreement by five months and the theme that it pursues, and you see this on 79, you see it both when the court's overruling the two objections to the PSR, that the court believes the sentence is frankly appropriate because he has too long a record, but doesn't really address it in its context. And so I'm sorry, what is the error? What is this gloss? I assume there is no problem with the judge summarizing his overall view of a person's criminal history. What is the gloss on the criminal history that you feel here to be, whether inaccurate or unfair in some way? What is this gloss? Thank you. And I would focus the court on appendix page 79, where the court gives most of its rationale. The court mentioned that there were 19 arrests, six felony convictions. The 19 arrests, of course, include six offenses where there are no points assigned at all. And the six felony convictions, two of those include his Y.O. adjudications that were nine years before the sentencing date in federal court. They were about a week apart. There was an intervening arrest. The court was correct in that regard. But the court does not really give the context to what it really is pointing to. It's the reason why it increased the sentence. And that is the criminal history. It does a broad stroke over both the more serious felonies as well as the more petty offenses. And that would include the prior disorderly conduct adjudications. All right. Thank you. I have no further questions. Thank you very much. Very helpful. Thank you. Thank you. This is Judge Kastman. Yes, Your Honor. I have a question about the argument in the previous cases, United States versus Tropicante and subsequent decisions in U.S. v. Challenges, the substantially identical risk notification conditions. Why shouldn't we reach the same conclusion here? Your Honor, we do recognize Tropicante that just came out in July. Our concern is that the not knowing what not to do. So, in other words, and I recognize Tropicante described this as unright, but our position is that the permissive language in condition number 12, what it does is it says that we're going to do this very careful balancing under 3553 and its factors, but we're not going to do it today. We're going to do it at some point in the future. And a defendant leaves the court not knowing what not to do, we think that's a due process concern. We think that's a notice concern. And we frankly don't think that the court is doing its job under 3553 at the time of sentencing as it's required to do under the statute. Thank you. Let me ask you this, if I might. Yes, Judge. If you were to reach the merits of your argument, how should this court analyze whether the prior state disorderly conduct convictions were similar enough to the crime of conviction to merit application of criminal history points under the sentencing guidelines? Well, Judge, under 4A1.2, we believe that there has to be a sufficient record before the court. First of all, we don't know with this record exactly what he pleaded guilty to. We know that it was disorderly conduct, but we also realize, and I know the court does, that there are a number of subsections there. So just because there is a connection of some sort at the initial charging stage to some sort of possession of controlled substances, we believe that doesn't satisfy the standard that there's a preponderance of evidence. Does it make a difference that the district court adopted the facts of the PSR without objection and that the PSR contained information have to do with drug possession in connection with each of the five convictions? Judge, I believe that our objections that were filed previously should be sufficient in that regard. I don't believe that we're conceding any issue in that regard. The defendant's second sentencing memorandum, which I'm going to say is approximately around page 59 or so of the memorandum, I don't believe that we did compromise in that regard. Thank you. Judge Stack? No additional questions. Thank you. Thank you, Your Honor. Mr. Murphy, you'll have two minutes in rebuttal. We'll now hear from Ms. Gregory. Good morning. May it please the court, Katherine Gregory, assistant U.S. attorney representing the government in this matter. This court's recent decision in trafficante forecloses Sanford's argument as to the risk notification condition because it is unright. So, like the appellant, I will focus primarily on the argument that the sentence is procedurally and substantively reasonable. And the procedural reasonableness here is much more straightforward than Mr. Sanford makes it. Procedurally, the district court must calculate the correct sentencing guidelines range, which consists of those two axes we're all familiar with, criminal history category and offense level. The inclusion of the disorderly conduct violation in that calculation is essentially irrelevant here because as he conceived on page 37 of his brief, and as he noted today in argument, he would be in the same criminal history category regardless. So, whether the government is right or Sanford is right, the guidelines range is the same. And Provo 52, errors that do not affect substantial right must be disregarded. This goes to the court's decision in DeFeo, where it declined to reach, excuse me, it declined to decide the inclusion of certain points because there the criminal history category would have been the same either way. And this has been the court's practice for decades now, in subsequent cases like Caesar and others, and the same should hold true here. This court does not need to parse the guidelines or divine how state prosecutors use disorderly conduct as a pleading mechanism. And just as an aside, as a former ADA, I can anecdotally say it's the most commonly used catch-all to plead dumb offenses for which there is no lesser included violation. But we can skip all that. We can go right to the heart. Would the guidelines range have been the same either way? Yes, it would. Substantively, once the district court has that starting point of the correct range, then it can consider a whole universe of 3553A factors, including things like the facts underlying those disorderly conduct violations. Stanford doesn't even argue that considering these underlying facts was improper. Seems like he's just arguing about the weight they were given. And this court reviews substantive reasonableness under a deferential abusive discretion standard. Substantive matter, the sentence here was within the correctly calculated guidelines range, regardless of whether the disorderly conduct points are included. The sentence was not shockingly high. On the contrary, this was a defendant who, by age 27, already qualified for the most serious criminal history category, and who had repeatedly violated probation and parole, and as the district court noted, had accumulated six felony convictions. Even those disorderly conduct violations, if you look at the PSR, were the result of pre-negotiations on drug cases, some of which were initially charged as felonies. So the appellate sent a lot of his briefs and his reply discussing mitigating factors, but this is a tell, right? That he simply disagrees with the way the district court assigned to certain factors. But this court has held that the weight given to any single factor is something firmly committed to the discretion of the sentencing judge. A substantive reasonableness claim is not an invitation to tinker with a sentence. It is supposed to be a backstop for those rare cases where the sentence cannot be changed. Judge Nardini? I have no questions. Thank you. I just have, this is Judge Katzmann. As I read your brief, it seemed to me that you did not address the merits of Sanford's argument that criminal history points should not have been changed. How should this court, if it were inclined to do so, I'm not saying that it is, analyze whether a prior conviction is similar to the instant offenses under the sentencing guidelines for a 1.2C1B? What would an analysis look like? As you just noted in our brief, consistent with the FAO, it's our position that we can just kind of go right to the end points without conceding that there was error. If there was, it was harmless. I understand that. Yeah, yeah. I just want to do an analysis. But I would say that you would go with the way that probation in the PSR addressed it, would be that the underlying offenses here were similar. So every underlying offense, and as the panel noted, the PSR, those facts underlying the disorderly conduct weren't challenged. So the underlying offenses were right on track with what the appellant was charged with in this case. So that's how we would look at it. But again, for the FAO and CSER, we don't think that we need to get to that point in this particular case. I understand. Judge Stack? No further questions. Thank you. So it sounds like there are no further questions. So we would just request that the court affirm the sentence. Even if there was procedural error, it was harmless and the sentence falls within the range of permissible decision. Thank you. Thank you, Ms. Gregory. Now, here from Mr. Murphy, who will have two minutes in rebuttal. Thank you, Your Honor. The pages that I was looking for in the appendix for the objections were 52 and 53. I'm sure you probably found it by now anyway. I'd like to address the in the brief. Those were situations, and they were decided by this court, where there was one error that does not impact the criminal history category. It's our position that this was a pattern of the court just glossing over the more serious ends, the less serious charges. And also, there was an agreement in place here that the court could consider. I think that in the Valente decision, Judge Lynch, in his concurrence, and I think this makes sense, said that the criminal history category is but a rough guide in understanding the seriousness of an individual's background, and even a rougher guide for understanding the person's character. We believe, based on this record, particularly on page 79, it shows that the court was presuming the guidelines to be reasonable. And that's why the sentence was increased, whether it's five years or five weeks. And with that, we ask that the court vacate and remand to district court. Thank you both for your arguments. The court will reserve...